HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL WARD, formerly known as CHERYL WHITE, RONALD MILLSAPS, WAYNE MILLSAPS, and STEVEN MILLSAPS,<br><br>Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | CASE NO. C13-5092 RBL<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS. |

## I.     INTRODUCTION

This case involves the application of a suit limitation provision for an action to recover under two accident policies issued to Beatrice L. Millsaps by Stonebridge Life Insurance Company. [Dkt. #1]. On April 4, 2008, Ms. Millsaps lost consciousness while driving on Bridgeport Way in Lakewood, Washington. Her vehicle traveled into oncoming traffic and collided with another vehicle, causing traumatic injuries resulting in her death on April 7, 2008. [Dkt. #1].

1 Plaintiffs are the adult children of Ms. Millsaps and the beneficiaries under Ms. Millsaps'
2 two accident policies. [Dkt. #3]. One of the policies is a life insurance policy with an attached
3 accidental death benefit rider ("Accident Rider") and the second is an accidental death and
4 disability policy ("Accident Policy"). [Dkt. #1]. Both policies were to pay benefits in the event
5 of "accidental death," defined in the policy as "death which results from accidental bodily injury
6 directly and independently of all other causes." [Dkt. #10-1, p. 9]. The policies' exclusions
7 further specified that no benefits would be paid for death: "due to disease, bodily or mental
8 infirmity, or medical or surgical treatment of these." [Dkt. #10-1, p. 15]. Both policies required
9 proof of loss within ninety days but no later than fifteen months after the date of loss and both
10 policies contained suit limitation provisions that required a claimant to file an action to recover
11 on the policy "within three years from the time written proof of loss was required." [Dkt. #10-1,
12 pp. 5–6, 11–12].

13 In May 2008 following their mother's death, Plaintiffs submitted their proof of loss and
14 requested benefits under Ms. Millsaps' accident policies; however, on August 4, 2008,
15 Stonebridge issued a denial of Plaintiffs' claims under both the Accident Policy and Accident
16 Rider. [Dkt. #10-1, p.18]. Stonebridge denied the claims under the policies' exclusion for
17 "death due to disease, bodily or mental infirmity, or medical or surgical treatment of these"
18 citing the Medical Examiner's report that listed other conditions contributing to Ms. Millsaps'
19 death, including pacemaker-dependent cardiomyopathy and hypertensive and atherosclerotic
20 cardiovascular disease. [*Id.*].

21 On May 24, 2010 and April 12, 2011, plaintiff Cheryl Ward demanded Stonebridge pay
22 the benefits under the Accident Rider, but on June 15, 2010 and May 2, 2011, Stonebridge
23 refused to pay the settlement demands. [Dkt. #10]. Similarly, on April 12, 2011, Plaintiffs
24

demanded Stonebridge pay the benefits under the Accident Policy; On May 2, 2011, Stonebridge again refused the demand. [*Id*.]. Plaintiffs filed this action to recover under both policies on January 8, 2013. [Dkt. #1].

Defendant Stonebridge Life Insurance Company moves this Court for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) arguing that the suit limitation provisions and applicable statutes of limitations bar all of Plaintiffs' claims. [Dkt. #12]. Defendant also moves to Dismiss the Plaintiffs' breach of fiduciary duty claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a legal cause of action separate from their bad faith claims and because in Washington state there is no independent tort for breach of fiduciary duty in the insurance context upon which relief can be granted. [*Id*].

Plaintiffs oppose these motions, arguing that the suit limitation provision contained in the policies violates RCW 48.18.200(1)(c) and is thus void. [Dkt. #13]. As a result, Plaintiffs argue, Washington's default six year statute of limitations for bringing contractual claims applies; therefore, Plaintiffs' action *is* timely. [Dkt. #13]. While Plaintiffs concede that the applicable statutes of limitations bar their extra-contractual claims for negligence, breach of fiduciary duty, bad faith, and CPA violations, and do not object to their dismissal, they maintain that their IFCA claims were brought in a timely manner. [Dkt. #13]. Plaintiffs argue that IFCA claims must be brought within three years from when a cause of action accrues—arguing that the Plaintiffs' IFCA cause of action did not accrue until after Plaintiffs gave the statutorily required written notice of the basis for the cause of action to the insurer and the twenty-day period for Defendant to respond had passed on May 4, 2011, and therefore these claims are timely. [Dkt. #13].

## II.     ANALYSIS

**A. Validity of Suit-Limitation Provision**

Defendant argues that Plaintiffs' action to recover on the policy is time barred and must be dismissed. [Dkt. #12]. Specifically, Defendant argues that Plaintiffs had to file a proof of loss no later than fifteen months after the loss (July 7, 2009) and that per the policies' suit limitation provisions, any action to recover on the policies had to have been brought within three years of that date, or July 7, 2012. [*Id*.]. In response, Plaintiffs' argue that because the policies' suit limitation provision is tied to the proof of loss requirement (and not the date of loss or time at which a cause of action accrues), the suit limitation provision could at least theoretically provide a claimant with less than one year from the date of the accrual within which to bring an action. [Dkt. #13].

If the insurer denied a claim two years and a month after the proof of loss was submitted, the claim would not accrue until that time but the insured would have to bring her suit within eleven months or be forever barred. This would leave claimant with less than a year to bring their action and would therefore violate RCW 48.18.200(1)(c). Plaintiffs argue that the mere possibility of this scenario invalidates the provision altogether. [Id.]. Plaintiffs contend that Washington's default statute of limitations for bringing contractual claims takes the place of the insurance policies' invalid suit limitation provision, giving Plaintiffs six years from the time the action accrued to bring a claim. *See* RCW 4.16.040. [Dkt. #13]. Plaintiffs maintain that because this action was filed within the six year limitation, the action is timely. [*Id*.].

Although this argument is clever, it is ultimately unavailing. The theoretical situation in which the policies' suit limitation provision would violate the statutorily set minimum limitation to recover under a policy is not currently before this Court. Plaintiffs made their claims under

the policies in May 2008, the month following Ms. Millsaps' death, and the claims were denied on August 4, 2008.

The policy requires a proof of loss no later than fifteen months after the loss (by July 7, 2009) and Plaintiffs had three years from that date to bring their action to recover under the policy (by July 7, 2012). This provided Plaintiffs with a little over three years and eleven months within which to bring their claim from the date their claims were denied. Thus the suit limitation provision as applied to this case did not violate the statutorily set minimum limitation of one year and did not hinder Plaintiffs' ability to file their claims sooner.

Even if this case did involve the theoretical situation posed by the Plaintiffs—coverage was denied more than two years after the proof of loss was required—there are equitable remedies available to address that situation. In a California case, for instance, an insured faced a similar, one-year suit limitation provision when seeking to recover under their first party property policy after their claim for extensive cracks in the foundation of their apartment building was denied. *See Prudential-LMI Com. Insurance v. Superior Court*, 798 P.2d 1230, 1233 (1990). Among its arguments for summary judgment, Prudential argued that because plaintiffs filed suit twenty months after filing their claim, the action was barred by the suit provision contained in the policy. *Id*. at 1234. Upon review, the Supreme Court determined that if the "Plaintiffs notified Prudential of their loss in December 1985," as they argue they did, "and then had 60 days to file a proof of loss [after which] Prudential had another 60 days to determine liability under the policy … any suit on the policy filed by plaintiffs [within this time] would have been premature." *Id*. at 1242. Furthermore, negotiations apparently continued until January 1987 before plaintiffs received the letter asserting that coverage would be denied. *Id.* Therefore, "if the one year-suit limitation provision were literally applied, plaintiffs' suit would

have been untimely before the insurer denied coverage." *Id*. To avoid this anomalous result, the California Supreme Court adopted a rule tolling the suit limitation period from filing of the proof of loss until the date the claim is denied. *Id.*

In other cases, courts have applied the equitable doctrines of waiver and estoppel to allow a suit filed after the limitation period expired to proceed. *Id*. at 1240. For instance, in many cases waiver is found to exist "whenever an insurer intentionally relinquishes its right to rely on the limitations provision." *Id*. (citing *Elliano v. Assurance Co. of America*, 3 Cal.App.3d 446 (1970) (insurer was estopped from claiming time bar under the 12-month limitation provision where it waived formal proof of loss by (1) accepting written estimate of proof of loss without formal proof; (2) delivering a copy of the policy to insured without noting limitations period; and (3) attempting to negotiate compromise well after the 12-month period expired.)

Meanwhile, "[a]n estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." *Id*. However, even in this theoretical timeframe, none of the precipitating factors for any one of these equitable remedies is present. Even if the Court were to apply the California tolling rule to the actual facts of this case it would not help the Plaintiffs. Furthermore, there is no evidence that Stonebridge waived its right to rely on its suit limitation provision or otherwise misled Plaintiffs in order to induce the late filing of their claim.

Stonebridge's suit limitation provision is valid and enforceable. There is nothing in the record to indicate that Stonebridge did anything to prevent Plaintiffs from bringing their claims in a timely manner, and there is no equitable basis for not enforcing the suit limitation period. Plaintiffs' claims are now barred.

### B. Applicability of Suit-Limitation Provision

Plaintiffs alternatively argue that even if this Court upholds the suit limitation provision, Plaintiffs' suit is still timely because three years from the date proof of loss is "required" is a malleable, indefinite time period. [Dkt. #13]. Plaintiffs argue that under Washington law, proof of loss and other types of notice provisions are "soft," meaning they can only be enforced if the failure to meet the time period causes substantial prejudice to the insurer. [*Id*.]. As a result, Plaintiffs' argue the time for submitting proof of loss only becomes definite when the insurer begins to suffer actual and substantial prejudice, which this insurer has not shown, and thus Stonebridge cannot establish that Plaintiffs failed to file suit within three years after the proof of loss was "required." [*Id*.].

While this is again an interesting argument, it is ultimately unpersuasive. The Washington Court of Appeals addressed a similar argument in *Simms v. Allstate Ins. Co.*, where it expressly declined to make an insurer's right to enforce a suit limitation clause contingent on a demonstration of actual prejudice. *See Simms v. Allstate Ins. Co.,* 27 Wash.App. 872 (1980). This is exactly what Plaintiffs ask this Court to do. While "a finding of prejudice is required before an insurance company may rely on an insured's failure to give timely notice … [t]his requirement has not been extended to contract limitation clauses in Washington." *Id*.

As a result, just because Stonebridge cannot categorically deny coverage after the required proof of loss date without a showing of real and substantial prejudice, does not mean that the suit limitation provision does not begin to run until actual prejudice is shown. The Plaintiffs were required to bring their claim no later than July 7, 2012, which they failed to do. Plaintiffs' claims are therefore time barred.

## C. Extra-Contractual Claims

Defendant argues, and Plaintiffs concede, that the extra-contractual claims including the tort claims for negligence and breach of fiduciary duty are subject to a three-year statute of limitations under RCW 4.16.080(2) and therefore untimely. Plaintiffs also concede the same three-year statute of limitations operates to bar Plaintiffs' bad faith claims, while the four-year statute of limitations that applies to claims under the Washington Consumer Protection Act, RCW 19.86.120, bars Plaintiffs CPA claims. *See Moratti v. Farmers Co. of Wash.*, 162 Wn. App. 495, 502 (2011). All of these claims are barred as a matter of law.

Parties disagree, however, on whether the IFCA claim is timely. While Defendant argues that Plaintiffs' IFCA claim should also be dismissed under Washington's residual three-year statute of limitations, Plaintiffs contend that their IFCA claim did not accrue and the statute of limitations did not begin to run until May 4, 2011, the day on which the statutorily required twenty day demand notice period ended. [Dkt. #12 and Dkt. #13]. While Plaintiffs correctly point out that the statute of limitations for an IFCA action is determined by RCW 4.16.080(2), they incorrectly assert that an IFCA claim accrues only *after* the insured provides a written demand on the insurer, the three-day period for receipt of demand has passed, and the twenty-day period to allow the insurer to comply with those demands has expired. An IFCA action accrues at the time the insurer extends its allegedly unreasonable settlement offer or unreasonably denies coverage. Thus, the requirement to provide twenty days notice prior to filing an IFCA action is *not* the designated time at which the IFCA claim accrues, but is simply a means to put the insurer and insurance commissioner on notice of the claims and to provide the insurer a period of time within which to resolve the dispute.

In the instant case, Plaintiffs' IFCA claims accrued when coverage was denied on August 4, 2008, and Plaintiffs had three years from that date to bring their claims. These claims are now barred.

### III.   CONCLUSION

Plaintiffs' contractual claims to recover under the two Stonebridge accident policies and Plaintiff's extra-contractual claims for negligence, breach of fiduciary duty, bad faith, and CPA and IFCA violations are all time barred by the suit limitation provision in the policies and the applicable statutes of limitations. For these reasons Defendant's Motions are GRANTED [Dkt. #12]. All of Plaintiffs' claims are DISMISSED.

IT IS SO ORDERED.

Dated this 21st day of June, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE